

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-4-2007

# Colston v. Correctional Med Ser

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4247

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Colston v. Correctional Med Ser" (2007). *2007 Decisions.* Paper 143.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/143

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-4247

———————

LOUIS LAYTON COLSTON,
                                        Appellant

v.

CORRECTIONAL MEDICAL SERVICES, (E.C.T.);
MRS. MYRIAM STERLING, DR.; MRS. DEBRA CARROLL, (Med Director)

———————

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 04-cv-3209
(Honorable William G. Bassler)

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 16, 2007

Before:  SCIRICA, Chief Judge, HARDIMAN and ALDISERT, Circuit Judges

(Filed  December 4, 2007)

———————

OPINION OF THE COURT

———————

PER CURIAM.

    Louis Layton Colston appeals pro se from the District Court's entry of summary

judgment in favor of defendants, and also challenges the District Court's denial of his

motion for the appointment of counsel. For the reasons that follow, we conclude that the District Court abused its discretion in denying Colston's request for counsel, and we will vacate its order entering summary judgment and remand for further proceedings.

I.

Colston, while incarcerated in a Florida state prison, had surgery on his left "pinky" finger. The day after the surgery, he was transferred to a New Jersey state prison. According to Colston's pro se complaint, while incarcerated in New Jersey, he experienced several delays in receiving necessary treatments and otherwise received inadequate medical care for over one year, ultimately resulting in the amputation of his finger. On the basis of these allegations, he filed suit against Correctional Medical Services (which contracts with the State of New Jersey to provide medical services to its prisoners), as well as its medical director and another of its physicians. As all parties agree, Colston's complaint may liberally be construed to assert claims for cruel and unusual punishment under the Eighth Amendment and medical malpractice under New Jersey state law. Before defendants answered the complaint, Colston also moved for the appointment of counsel.

By order entered November 10, 2004, the District Court denied Colston's motion, and later denied Colston's motion to reconsider that decision. Defendants then moved for summary judgment, arguing that (1) Colston's Eighth Amendment claim fails as a matter of law because his medical records show that he received continuous care, and (2)

2

Colston's malpractice claim fails as a matter of law because he did not serve an affidavit of merit within 60 days of their answer as required by N.J.S.A. § 2A:53A-27. By order entered February 2, 2006, the District Court granted defendants' motion, and later denied Colston's timely motion for reconsideration.[1]  Colston appeals.

## II.

We review denials of requests for counsel for abuse of discretion. See Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993). In Tabron, we set forth the framework within which courts in this Circuit must exercise that discretion. Courts initially must determine whether the plaintiff's claim has arguable merit. See id. at 155. If so, courts must consider six non-exclusive factors addressed primarily to the plaintiff's ability to litigate his or her claim. See id. at 155-57. We later provided further guidance on the application of these factors to prisoners asserting claims based on inadequate medical care. See Montgomery v. Pinchak, 294 F.3d 492, 498-505 (3d Cir. 2002); Parham v. Johnson, 126 F.3d 454, 458-60 (3d Cir. 1997).

Here, the District Court set forth the Tabron factors, but abused its discretion in applying them for many of the same reasons explained in Montgomery and Parham. Initially, the District Court did not expressly consider whether Colston's claims had

---

[1]Neither order explains the District Court's rationale, although a minute entry on the docket indicates that the District Court placed its reasons orally on the record. We have not been provided with a transcript, but our disposition of this appeal does not turn on the District Court's rationale for entering summary judgment.

arguable merit, but appears to have assumed that they did by confining its discussion to the remaining Tabron factors. We believe that Colston's claims were arguably meritorious for purposes of evaluating his motion for counsel.[2]

The District Court denied Colston's motion because he appeared capable of articulating his claims, the legal issues did not appear complex, there appeared no reason why he could not pursue any necessary factual investigation, and "no expert testimony appears necessary." These conclusions cannot be squared with our decisions in Montgomery and Parham. In those cases, we recognized that pro se prisoners' lack of legal experience, lack of knowledge of complex discovery rules and inability to take depositions significantly impedes their ability to litigate these kinds of claims. See Montgomery, 294 F.3d at 501-02; Parham, 126 F.3d at 459. These considerations apply to Colston, who does not appear to be an experienced litigant and who expressed considerable confusion regarding discovery procedures in the District Court (and in fact took no discovery of his own). We further explained that "civil rights cases alleging deliberate indifference to a prisoner's medical needs can raise sufficiently complex legal issues to require appointment of counsel." Montgomery, 294 F.3d at 502 (citing Parham,

---

[2]Colston clearly stated a claim for medical malpractice. The only potential legal obstacle to that claim appearing of record is Colston's failure to serve an affidavit of merit, but that requirement was not triggered until defendants filed their answer, see N.J.S.A. § 2A:53A-27, which they did not do until after Colston moved for counsel. Colston's allegations regarding delays in providing necessary medical care, liberally construed, appear to state an Eighth Amendment claim as well. See Durmer v. O'Carroll, 991 F.2d 64, 68-69 (3d Cir. 1993).

4

126 F.3d at 459).  We believe that this consideration applies here as well.  Finally, we recognized that cases of this type generally require greater factual investigation than prisoners are able to conduct on their own and generally require expert medical testimony.  See Montgomery, 294 F.3d at 503-04; Parham, 126 F.3d at 460.[3]  In each of those cases, we vacated a final judgment after concluding that a district court had abused its discretion in refusing to request counsel to represent a prisoner asserting claims based on inadequate medical care.  Because Colston's situation is materially indistinguishable from the situation of the prisoners in those cases, we will do the same here.

Accordingly, we will vacate the District Court's order entering summary judgment.  On remand, the District Court is directed to request counsel to represent Colston.

---

[3]We express no opinion on whether expert testimony ultimately will prove necessary in this case.  We note, however, that if the District Court is correct and expert testimony is not necessary, then Colston is not required to serve an affidavit of merit under New Jersey law and his malpractice claim is not subject to dismissal solely for his failure to do so.  See Natale v. Camden County Corr. Facility, 318 F.3d 575, 579-80 (3d Cir. 2003).

5